IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

LA TIDTUS JONES                                                                    PLAINTIFF

v.                                                                    No. 2:12CV125-MPM-DAS

MARYLYN L. KELLY, ET AL.                                                       DEFENDANTS

**FINAL JUDGMENT**

Having considered the file and records in this action, including the Report and Recommendation of the United States Magistrate Judge and the objections to the Report and Recommendation, the court finds that the plaintiff's objections are without merit and that the Magistrate Judge's Report and Recommendation should be approved and adopted as the opinion of the court.

**Equal Protection**

In his objections to the Magistrate Judge's Report and Recommendation, the plaintiff, for the first time that the court can discern, raised a claim of equal protection – laiming that he, as a black federal probationer, was not granted the same right of access to the courts as probationers of a different race. This argument is without merit. Put simply, the equal protection clause directs states to treat all similarly situated persons alike. *City of Cleburne, Tex. v. Cleburne Living Center*, 473 U.S. 432, 439, 105 S.Ct. 3249, 3254, 87 L.Ed.2d 313 (1985). A state government can violate the Equal Protection Clause only by intentional discrimination. *Lavernia v. Lynaugh,* 845 F.2d 493, 496 (5th Cir.1988). "Discriminatory purpose . . . implies more than intent as violation or as awareness of consequences[.] . . . It implies that the decisionmaker singled out a particular group for disparate treatment and selected his course of action at least in part for *the purpose* of causing its adverse effect on an identifiable group[.]" *Id.* (internal quotations, citations, and footnote omitted) (emphasis in opinion). A violation of the equal protection clause can occur only when the governmental action in question classifies or distinguishes between two or more relevant persons or groups. *Brennan v. Stewart,* 834 F.2d 1248, 1257 (5th Cir.1988).

La Tidtus Jones' equal protection claim must fail, as he has not identified "two or more relevant persons or groups" which the government has classified and treated differently – and to the plaintiff's detriment. *Vera v. Tue*, 73 F.3d 604, 609-10 (5th Cir. 1996). Jones, who claims that he was denied access to the Clerk's Office because he was a

black federal probationer, has not identified a similarly situated federal probationer of another race who has given access to the Clerk's Office. For this reason, the plaintiff's Equal Protection Claim fails to state a claim upon which relief could be granted.

It is **ORDERED**:

1. That the plaintiff's objections to the Magistrate Judge's Report and Recommendation are **OVERRULED**;

2. That the Report and Recommendation of the United States Magistrate Judge is hereby **APPROVED AND ADOPTED** as the opinion of the court; and

3. That the instant case is hereby **DISMISSED** with prejudice for failure to state a claim upon which relief could be granted, counting as a "strike" under 28 U.S.C. §§ 1915 (e)(2)(B)(i) and 1915(g).

**SO ORDERED**, this, the 27th day of August, 2014.

/s/ MICHAEL P. MILLS
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**